JS 44 (Rev. 10/20)  District of Colorado

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Harms, Eric O.

### DEFENDANTS
Lillie, David; Vivid Independent Publishing LLC; VegasNAP, LLC d.b.a. Fiberhub

**(b)** County of Residence of First Listed Plaintiff: **Boulder**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Monroe**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jacob Mateo Baker
10050 Palma Linda Way Apt 201
Orlando, FL 32836
(707) 327-6984

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331

Brief description of cause:
Copyright violation

☐ AP Docket

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 100,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: Oct 10, 2023

SIGNATURE OF ATTORNEY OF RECORD: */s/ Jacob Mateo Baker/*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 23-2616

ERIC O. HARMS,

    Plaintiff,

v.

DAVID LILLIE;
VIVID INDEPENDENT PUBLISHING LLC; and
VEGASNAP, LLC d.b.a. FIBERHUB;

    Defendants.

## COMPLAINT

### INTRODUCTORY STATEMENT

On March 29, 2023, Plaintiff Eric O. Harms attempted to resolve the federal component of this Complaint against Defendant David Lillie through a filing with the Copyright Claims Board ("CCB"). A Notice of Compliance and Direction to Serve was issued for CCB Docket number 23-CCB-0120 on June 5, 2023. After proper service of process, Defendant David Lillie opted out of the claim on June 29, 2023, compelling its dismissal without prejudice.

This Complaint is the result of Defendant David Lillie's refusal to have the federal matters related to this case heard by the smaller, more efficient forum of the CCB. Plaintiff Eric O. Harms regrets the need to use the full resources of the District of Colorado to protect his rights but wishes the Court to know a full-throated effort was made to handle the federal matters in a more efficient forum.

## PARTIES

1. Plaintiff Eric O. Harms ("Plaintiff") is a resident of Boulder, Boulder County, Colorado.

2. Defendant David Lillie ("Lillie") is a resident of Monroe, Monroe County, Michigan.

3. Defendant Vivid Independent Publishing, LLC, ("Vivid") is a domestic Limited Liability Company with a registered office address located in Monroe, Monroe County, Michigan.

4. Defendant VegasNAP, LLC d.b.a Fiberhub ("Fiberhub") is a domestic Limited Liability Company with a registered office address located in Las Vegas, Clark County, Nevada.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 under federal question as this civil suit arises under the Copyright Clause of the United States Constitution. U.S. Const. art. I, § 8, cl. 8.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as this civil action arises under an Act of Congress related to Copyrights.

7. This Court has jurisdiction over this matter pursuant to the CASE Act as this civil action originated with the Copyright Claims Board ("CCB") where all opportunities for resolution were exhausted when Lillie opted out of CCB Docket number 23-CCB-0120, thereby dismissing the case without prejudice. 17 U.S.C. §§ 1501-1511.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 under diversity of citizenship as this civil action has complete diversity and the amount in controversy exceeds $75,000.

9. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a) as the district courts have original jurisdiction over the Copyright portions of this complaint

which form the same case or controversy under Article III of the United States Constitution that includes the breach of contract, breach of implied duty of good faith and fair dealing, and unjust enrichment claims in this Complaint. Further, these claims involve the joinder or intervention of additional parties.

10. This Court has personal jurisdiction over Vivid and Lillie under Colorado's long-arm statute Colo. Rev. Stat. § 13-1-124(1)(a) as this statute confers personal jurisdiction over "any cause of action arising from . . . [t]he transaction of business within this State."

11. This Court has specific jurisdiction over Vivid and Lillie under Colorado's long-arm statute as Vivid and Lillie solicited Plaintiff and his services while aware Plaintiff was a resident of Colorado, therefore availing themselves of Colorado's protections.

## VENUE

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Colorado, specifically that Plaintiff was a resident of Colorado and present in Colorado at the time he signed the contract solicited by Vivid and Lillie that forms the basis for the Second and Third Causes of Action in this Complaint.

13. Venue is proper pursuant to Colorado Rules of Civil Procedure Rule 98(c)(1) as no defendant is a resident of Colorado and Boulder County has been designated in this Complaint.

## STATEMENT OF FACTS

14. In 2007, Plaintiff created the character of QuickXyk a.k.a Xyk, ("QuickXyk") an anthropomorphic coyote wearing a black leather collar with a silver buckle.

15. Lillie is an artist involved in the production of graphic novels.

16. Lillie publishes his graphic novels under the label Vivid Independent Publishing, LLC.

17. Lillie is the owner of Vivid.

18. Between 2008 and 2013, Plaintiff commissioned Lillie to draw multiple images of his QuickXyk character, providing Lillie with oral and visual references of his character and suggestions for character-appropriate scenarios.

19. On September 28, 2013, Lillie suggested a collaboration with Plaintiff to create a new, original illustrated novella ("the Work") inspired by the art pieces Plaintiff had commissioned from Lillie.

20. On September 12, 2015, Lillie solicits a contract with Plaintiff, offering to write it under terms that involve Plaintiff maintaining ownership of QuickXyk, Vivid receiving a license to use QuickXyk in the Work, and a 50/50 split of all profits from the Work.

21. On March 8, 2020, Plaintiff and Lillie signed Vivid Publication Contract 2.0 ("the Contract") in contemplation of their agreement for Lillie to produce the Work based on Plaintiff's character of QuickXyk.

22. The Contract did not and has never included a Choice of Law clause.

23. At the time Plaintiff signed the Contract, Plaintiff was a resident of Colorado.

24. The Plaintiff was in Colorado when he signed the Contract.

25. Lillie signed the Contract on behalf of Vivid.

26. The Plaintiff received a promise of a percentage of future sales as his sole benefit in exchange for a license to QuickXyk.

27. Plaintiff and Lillie communicated off and on about the Work from March 8, 2020, to December 30, 2020.

28. As of the time of this filing, Plaintiff has received no communications from Lillie since December 30, 2020.

29. On February 28, 2023, Plaintiff exercised his right under the dissolution clause of the Contract by sending Vivid and Lillie an e-mail containing written notice of his intent to dissolve.

30. Later that same day on February 28, 2023, Vivid announced in an official newsletter that it was releasing "[a]n illustrated novel in a wild new fantasy setting by David Lillie dropping this spring[sic], featuring Eric Harm's[sic] character 'QuickXyk'."

31. The following day on March 1, 2023, Plaintiff received an email from a Vivid address using Vivid stationery that was signed by a party identifying as "-h" acknowledging Plaintiff's request for dissolution, rejecting it, and informing Plaintiff that the Work would be given away for free "as a favor to you for your long-time support."

32. On March 5, 2023, Plaintiff sent another e-mail to Vivid and Lillie with a list of changes Plaintiff claimed would remove QuickXyk from the Work to Plaintiff's satisfaction while also preserving the Work's salability.

33. Later that same day on March 5, 2023, Plaintiff received an e-mail from Vivid signed by "-h" confirming authority to speak on behalf of Vivid.

34. In the same March 5, 2023, e-mail, "-h" claimed that none of the changes Plaintiff requested would be honored save for the request to remove Plaintiff's name from the Work. "-h" also wrote that "our [Vivid's] decision in this matter is final."

35. On March 8, 2023, Vivid released an official email newsletter that announced a "new free book . . . by Dreamkeepers author David Lillie."

36. On the same day, March 8, 2023, Vivid published the Work online through a website hosted by Fiberhub where it could be downloaded at no cost.

37. In anticipation of legal action, Plaintiff filed for a copyright using a sketch of QuickXyk he had created by his own hand prior to his involvement with Vivid or Lillie. The copyright was registered on March 19, 2023, under registration number VAu001493040.

38. On March 8, 2023, Plaintiff issued a legally sufficient DMCA request to abuse@fiberhub.com.

39. The Fiberhub email server returned a machine response confirming receipt of the legally sufficient DMCA request on the same day.

40. As of the time of this filing, Fiberhub has given no other response to the initial legally sufficient DMCA request.

41. Plaintiff issued additional legally sufficient DMCA requests to other websites. These requests were honored and the material in contention removed.

42. Vivid issued counterclaims to the DMCA requests.

43. Vivid's counterclaims include statements that they affirm the enforceability of the Contract and that the Contract "grants us full copyrights[sic]."

44. On April 6, 2023, Plaintiff issued a second legally sufficient DMCA request to abuse@fiberhub.com.

45. For the second time, the Fiberhub email server returned a machine response confirming receipt of the second legally sufficient DMCA request.

46. As of the time of this filing, Fiberhub has failed to provide any other response to the second legally sufficient DMCA request.

47.     As of the time of this filing, the Work can be downloaded from the Fiberhub-hosted website at no cost.

48.     As of the time of this filing, Plaintiff has not received any communications in person or over the phone or in any other form from Vivid to resolve the disagreement.

49.     As of the time of this filing, Plaintiff has not received any benefit, monetary or otherwise, for Vivid's use of QuickXyk.

## FIRST CAUSE OF ACTION

50.     Vivid and Lillie, through his ownership of Vivid, have infringed Plaintiff's copyright to his intellectual property by knowingly and aggressively distributing the Work with Plaintiff's copyrighted material still included.

51.     Vivid and Lillie's infringement of Plaintiff's intellectual property has caused Plaintiff economic harm in the future value of QuickXyk, costs in attempting to defend his intellectual property, and emotional distress.

## SECOND CAUSE OF ACTION

52.     Vivid and Lillie, through his ownership of Vivid, are liable for breach of contract for failing to honor the agreed terms of the Contact and thus caused Plaintiff monetary damages.

53.     The breach of the Contract has caused Plaintiff financial losses, emotional distress, and resulted in the improper, unlicensed, and uncredited use of Plaintiff's intellectual property in violation of his rights as the sole owner of the QuickXyk character.

## THIRD CAUSE OF ACTION

54. Vivid and Lillie, through his ownership of Vivid, are liable for breach of the implied duty of good faith and fair dealing when forming the Contract and thus caused Plaintiff monetary damages.

55. The breach of the implied duty of good faith and fair dealing has caused Plaintiff financial losses, emotional distress, and resulted in the improper, unlicensed, and uncredited use of Plaintiff's intellectual property in violation of his rights as the sole owner of the QuickXyk character.

## FOURTH CAUSE OF ACTION

56. Vivid and Lillie, through his ownership of Vivid, are liable for unjust enrichment under Colorado caselaw as Vivid and Lillie (1) received the benefit of the use of Plaintiff's IP; (2) used this benefit at the expense of the Plaintiff; and (3) unjustly provided no compensation to Plaintiff for the continued and retained use of Plaintiff's IP.

57. Defendants' unjust enrichment through their actions demand commensurate compensation to Plaintiff for their continuous and retained use of Plaintiff's IP.

## FIFTH CAUSE OF ACTION

58. Fiberhub has violated Plaintiff's intellectual property rights by ignoring his properly submitted DMCA requests and continuing to publish the Work online.

59. Fiberhub's failure to stop hosting the Work from their web servers has caused Plaintiff economic harm in the future value of QuickXyk, costs in attempting to defend his intellectual property, and emotional distress.

## RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

a) Compensatory damages of the amount in sum royalties promised per download of the Work or delivery of the Work to any party, not less than $100,000;

b) Compensatory damages for the infringement of Plaintiff's copyright;

c) Compensatory damages for substantial inconvenience, pain and suffering, emotional distress, and loss of enjoyment of life;

d) Associated attorney costs;

e) A declaration affirming Vivid and Lillie do not have license to use QuickXyk;

f) An injunction against Fiberhub to stop hosting the Work on their web server;

g) Any further and additional relief as this Court may deem just and equitable.

Dated: October 10, 2023

Respectfully submitted,

_____
ERIC O. HARMS, Plaintiff

By: _____
Jacob Mateo Baker
Iowa #AT0015018
10050 Palma Linda Way Apt 201
Orlando, FL. 32836
(707) 327-6984
law@jmateobaker.com