**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 1:23-cv-02616-SKC

ERIC O. HARMS,

    Plaintiff,

    **v.**

DAVID LILLIE;
VIVID INDEPENDENT PUBLISHING LLC;
*et al*.

    Defendants.

---

**DEFENDANTS DAVID LILLIE'S AND VIVID INDEPENDENT PUBLISHING LLC'S
FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

**COME NOW,** Defendants David Lillie ("Lillie"), and Vivid Independent Publishing, LLC ("Vivid Independent Publishing") (collectively, "Defendants"), by and through its counsel, respectfully move this Honorable Court for dismissal of all claims herein pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that the plaintiff's complaint fails to state a claim upon which relief can be granted.

**I. INTRODUCTION**

Although full of speculation and indignance, when it comes to actual facts that—if true— could plausibly support their legal claims against Defendants, the allegations in Plaintiff's Complaint signify nothing. The Complaint is overloaded with vague and unclear conclusory statements regarding Defendants. Basically, the Complaint fails to allege facts sufficient to

plausibly satisfy the minimum pleading standards applicable to any of the claims directed at Defendants.

This matter involves alleged violations of intellectual property rights and an alleged breach of contract surrounding an illustrated novella about an anthropomorphized coyote. Yet, there is no actual evidence that the named plaintiff, Eric O. Harms ("Plaintiff"), has any legal right, title or interest in connection with the purported work he is arguing infringes his "sketch" that is the subject of copyright registration VAu001493040 (Dkt 2., ¶ 37), nor is it clear how Defendant Vivid Independent Publishing's illustrated novella actually infringes the work Plaintiff is citing as the infringed work herein. It is unclear as to what the alleged terms of agreement are that existed between the Plaintiff and either Defendant regarding both the "commissioned" drawings and the illustrated novella. It is also unstated as to how and whether Plaintiff performed his obligations under the alleged agreement nor is it defined as to how either of the Defendants breached the alleged agreement.

Plaintiff's pleading includes substantial speculation throughout, notable ambiguities regarding several alleged agreements, questions regarding chain-of-title and ownership of the works commissioned by Plaintiff and authored by Defendant Vivid Independent Publishing, and even ownership questions regarding the work at issue claimed to be owned by Plaintiff. Many of Plaintiff's claims are entirely unclear and unsupported, others are patently preempted, and all of the claims appear to be based on the theory that Plaintiff need not produce even a scintilla of evidence to support his allegations in court.

On October 10, 2023, Plaintiff filed his Complaint ("Complaint") against Defendants in the U.S. District Court for the District of Colorado. Dkt. 2. Plaintiff eventually served

Defendants on March 4, 2024. Dkt. 13. The Complaint includes the following claims: (1) Copyright Infringement – 17 U.S.C. § 501; (2) Breach of Contract –State Law Count; (3) Implied Duty of Good Faith and Fair Dealing –State Law Count; and (4) Unjust Enrichment—State Law Count. Dkt. 2.

## II. LEGAL ARGUMENT

### A. Fed. R. Civ. P. 12(b)(6) Provides for Dismissal of a Complaint for Failure to State a Claim Upon which Relief Can Be Granted.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible where it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (citation omitted). "A plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).

And while courts must "'assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff.'. . .'[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.'" *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678. Under Rule 12(b)(6), it is "facts, not conclusions, that must be pled; 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including 'legal conclusion[s] couched as a factual allegation.'" *Jacobs v. Credit Suisse First Bos.*, No. 11-CV-00042-CMA-KLM, 2011 WL 4537007, at *1 (D. Colo. Sept. 30, 2011) (quoting *Iqbal* 556 U.S. at 678).

Therefore, a complaint can be dismissed under Rule 12(b)(6) if: (1) it does not allege sufficient facts to state a plausible claim; or (2) the facts that it does allege do not implicate any cognizable legal theory.

When it comes to the facts necessary to meet the legal standards for the claims against Defendants, Plaintiffs resort to conclusory assertions devoid of any specific fact that could plausibly support those claims. In some instances, other portions of Plaintiff's own pleading renders the conclusions implausible. For the reasons set forth below, Plaintiff's Complaint should be dismissed.

**B.     Plaintiff's Complaint Fails to Allege Facts Sufficient to Prevail on a Claim of Copyright Infringement as a Matter of Law.**

**1. Plaintiff's Complaint Fails to Prove the Ownership and Existence of a Valid Registration or Standing to Assert a Copyright Infringement Claim.**

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss on its copyright infringement claim, Plaintiff must first plead facts sufficient to prove ownership of an original work and that it owns a valid copyright. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991); *Gates Rubber Co. V. Bando Chem. Indus., Ltd.*, 9 F.3d 832, 831 (10th Cir. 1993).

A plaintiff may satisfy the elements of originality and authorship by producing a certificate of copyright registration, which is *prima facie* evidence of copyright validity. 17

U.S.C. § 410(c). Plaintiffs must also allege facts sufficient to show standing to assert a copyright claim. 17 U.S.C. § 501(b) provides that "the legal or beneficial owner of an exclusive right under a copyright is entitled...to institute an action for any infringement..."

In its Complaint, Plaintiff alleged without any evidence that he created a "character" named "QuickXyk" in 2007. Dkt 2., ¶ 14. Plaintiff goes on to allege that the character QuickXyk can be described as an anthropomorphic coyote wearing a black leather collar with a silver buckle. *Id*. Plaintiff further alleges in its Complaint that he waited fifteen (15) years before he filed for a copyright registration on a "sketch" of the same anthropomorphic character on March 19, 2023, registration number VAu001493040. Dkt 2., ¶ 37. ("Plaintiff's Work").

However, Plaintiff also states that between 2008-2013 he "commissioned" additional drawings of QuickXyk that were authored by Defendants with Plaintiff's approval, but the actual ownership of these drawings are not clearly established in the Complaint. Dkt 2., ¶ 18. Even if this Court takes Plaintiff's claims in the Complaint to be true, Plaintiff's claims are still highly ambiguous as presented and never provides any evidence that the parties ever entered into an actual assignment or a work-for-hire arrangement with Defendant Vivid Independent Publishing to transfer to Plaintiff ownership of the drawings authored by Defendant Vivid Independent Publishing between 2008-2013.

Plaintiff has also failed to include an issued certificate of copyright registration. Plaintiff has not asserted any facts sufficient to sustain a copyright claim because the Complaint fails to establish any facts regarding ownership, any protectable elements, or otherwise allege sufficient details, or chain-of-tile, with specificity other than vague allegations about a sketch that he registered at the copyright office that Plaintiff is now using to claim some sort of universal

ownership rights to a "character." Finally, Plaintiff never alleges whether or not his registered sketch may be derivative, contains any reproductions or illustrations of any purportedly copyrighted work, nor does Plaintiff include an exhibit of his own registered work in the Complaint.

Thus, based solely on the allegations in Plaintiff's Complaint, it is impossible to determine not only whether the alleged sketch that is the source of this claim includes any protectable elements, but also whether the sketch bears any resemblance to Defendant Vivid Independent Publishing's "illustrated novella" which is discussed next. For that reason alone the court should grant Defendants' motion to dismiss Plaintiff's copyright infringement claim.

**2. Plaintiff's Complaint Fails to Prove that Defendant Vivid Independent Publishing Copied Plaintiff's Work as a Matter of Law.**

To prevail on its claim of copyright infringement, Plaintiff must also establish that Defendants copied protected components of Plaintiff's work. *Gates*, 9 F.3d at 831. "Copied" in this context is a short-hand reference for any use of protected materials that infringes the copyright holder's exclusive rights in these materials as set forth in the Copyright Act. *Id*. at 832 n.6.

Plaintiff's Complaint fails to plead, identify, or allege with any specificity, which of Defendant Vivid Independent Publishing's works actually infringe "Plaintiff's Work" or how Defendant Vivid Independent Publishing's illustrated novella ("Defendant's Work") might infringe Plaintiff's Work.

Plaintiff's Complaint alleges Defendants published and distributed Defendant's Work which was an "illustrated novella" featuring the character "QuickXyk." Dkt. 2., ¶ 36. However,

Plaintiff's Complaint also fails to actually identify the "illustrated novella" nor does it identify how Defendant's Work copied any protectable elements of Plaintiff's Work. Moreover, Plaintiff also alleges that on March 19, 2023, he registered what he claims without any evidence was Plaintiff's Work at the Copyright Office after Defendant's Work was already published. *Id*. at ¶ 37. Even based on Plaintiff's incomplete allegations, the Court should easily be able to find that the "sketch" submitted for registration by Plaintiff and the Defendant's Work described in the Complaint as an "illustrated novella" are two significantly different creative works that bear no visual resemblance whatsoever to the other as a matter of law.

Because Plaintiff's Complaint has failed to demonstrate that Defendant Vivid Publishing actually copied Plaintiff's registered work identified above as: Registration Number VAu001493040, the Court should grant Defendant Vivid Independent Publishing's motion to dismiss and dismiss Plaintiff's copyright infringement claim as a matter of law.

**3. Plaintiff's Complaint Fails to Prove that Defendant Lillie Copied Plaintiff's Work as a Matter of Law.**

Plaintiff is baselessly conflating through speculation and innuendo in his Complaint that the actions of Defendant Lillie as an individual and his company Vivid Independent Publishing are one and the same and that Defendant Lillie should be joined to the claims in the same way Defendant Lillie's company Defendant Vivid Independent Publishing is a party to this lawsuit. *Id*. at ¶ 50.

Other than speculation and conjecture, Plaintiff has alleged no facts whatsoever that Defendant Lillie as an individual infringed Plaintiff's copyrighted work or how Defendant Lillie should be joined to any of the claims.

Because Plaintiff's Complaint fails to allege any facts sufficient to show Defendant Lillie as an individual ever copied Plaintiff's Work. As a result, the Court should grant Defendant Lillie's motion to dismiss Plaintiff's copyright infringement claim as a matter of law on behalf of both Defendants herein.

C.  **Plaintiff's Breach of Contract Claim Fails under Colorado State Law.**

**1. Plaintiff's Complaint Fails to Sufficiently Allege Facts Showing the Existence of a Contract Between Itself and Either Defendant Lillie or Defendant Vivid Independent Publishing.**

Plaintiff's second claim is for breach of contract under Colorado state law which includes the following elements:

> It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract, *Denver Rio Grande R.R. Co. v. Iles*, 25 Colo. 19, 25, 53 P. 222, 224 (1898); *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Here, as stated in the Complaint, Plaintiff alleges that on March 8, 2020, Lillie and Harms entered into a contract for Lillie to produce the Work based on the character "QuickXyk." Dkt. 2., ¶ 21. However, Plaintiff failed to attach any exhibits to prove the existence of the alleged contract with Plaintiff signed on behalf of either Defendant Lillie as an individual or Defendant Vivid Independent Publishing, nor did it include any of the terms of the alleged agreement between any of the parties.

Because Plaintiff fails to allege facts sufficient to show the existence of any contract or agreement between any of the parties, Plaintiff thus fails to meet the threshold element to establish the existence of a contract to prove a breach of contract under Colorado state law, and therefore Fed. R. Civ. P. 12(b)(6) dismissal is appropriate.

**2.    Plaintiff's Complaint Fails to Sufficiently Allege Facts Demonstrating Performance by Plaintiff.**

Plaintiff's second claim for breach of contract under Colorado state law also includes the following second element:

> (2) performance by the plaintiff or some justification for nonperformance, *Lombard v. Overland Ditch Reservoir Co.*, 41 Colo. 253, 255, 92 P. 695, 696 (1907); *Walling v. Warren*, 2 Colo. 434, 438-39 (1874); *McGonigle v. Klein*, 6 Colo. App. 306, 309, 40 P. 465, 467 (1895); *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Here, Plaintiff alleges in its Complaint that as part of their alleged agreement with Defendants, Plaintiff was to receive "a promise of a percentage of future sales as his sole benefit in exchange for a "license to QuickXyk."" Dkt. 2., ¶ 26. Additionally, Plaintiff alleges that they and Defendants communicated regarding the proposed illustrated novella between March 8, 2020 to December 30, 2020. *Id at* ¶ 27.

However, Plaintiff fails to submit any semblance of its own performance of the alleged agreement, including submitting any exhibits showing the alleged performance of providing to Defendants a "license to QuickXyk," nor any secondary license agreement entering into the alleged publishing agreement with Defendants in actual performance of Plaintiff's allegations. Even if a valid contract did exist between Plaintiff and Defendants regarding the illustrated novella, because Plaintiff fails to sufficiently allege facts demonstrating Plaintiff's actual performance, let alone substantial, under such hypothetical contract, Fed. R. Civ. P. 12(b)(6) dismissal is warranted.

**3. Plaintiff's Complaint Fails to Sufficiently Allege Facts Demonstrating a lack of Performance by Defendants.**

Plaintiff's second claim for breach of contract under Colorado state law also includes the following third element:

> (3) failure to perform the contract by the defendant, *Denver Rio Grande R.R. Co.*, 25 Colo. at 21, 53 P. at 223; and *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Plaintiff alleges that the contract was "in contemplation of Harms and Lillies' [sic] agreement for Lillie to produce the Work," and that Plaintiff would receive a "percentage of future sales". Dkt. 2., ¶ 21. Additionally, Plaintiff alleges that Defendant's Work was published online, where it could be downloaded "at no cost." *Id*., at ¶ 36.

Here, Plaintiff admits that Defendants authored Defendant's Work pursuant to the hypothetical contract, and therefore may be tacitly admitting that Defendants properly performed at least one of their obligations under the purported contract. Notably, the only other allegation regarding Defendants' lack of performance under the contract would be the purported lack of delivery of 50% profits or unpaid "percentage of future sales" derived from distribution of the Defendant's Work. *Id*., at ¶ 26.

A plain reading of the Complaint itself is in opposition to Plaintiff's conclusion that Defendants failed to perform under the alleged contract because Defendant Vivid Independent Publishing purportedly both performed by publishing Defendant's Work and distributing Defendant's Work incurring hosting and other costs but not incurring any profits because the illustrated novella was offered to be downloaded for free.

Because Plaintiff failed to allege any facts specific to demonstrate any breached obligations by either of the Defendants under the purported contract, Fed. R. Civ. P. 12(b)(6) dismissal is appropriate.

    **4.     Plaintiff's Complaint does not Demonstrate any Damages from the Alleged Breach of Contract.**

Plaintiff's second claim for breach of contract also includes the following fourth element:

> (4) resulting damages to the plaintiff, *Western Union Tel. Co. v. Trinidad Bean Elevator Co.*, 84 Colo. 93, 96-97, 267 P. 1068, 1069 (1928). *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Here, Plaintiff generally alleges that Defendants' breach of contract has "caused Plaintiff financial losses, emotional distress, and resulted in the improper, unlicensed, and uncredited use of Plaintiff's intellectual property in violation of his rights as the sole owner of the QuickXyk character." Dkt. 2., ¶ 53. However, Plaintiff fails to plead any facts at all demonstrating that it has endured any actual damages flowing from the breach of the purported contract other than conjecture and speculation.

Additionally, Plaintiff's Complaint also fails to allege facts demonstrating Defendants' purported breach was accompanied by "willful, insulting or wanton conduct." *Trimble v. City County of Denver*, 697 P.2d 716 (Colo. 1985); *McCreery v. Miller's Grocerteria Co.*, 99 Colo. 499, 64 P.2d 803 (1936); *Hall v. Jackson*, 24 Colo. App. 225, 134 P. 151 (1913).

Because Plaintiff fails to allege facts specific to demonstrate a *prima facie* breach of contract in the Complaint, nor does it include any exhibits to demonstrate any of the required elements for damages under *Western Distributing Co. v. Diodosio*, Fed. R. Civ. P. 12(b)(6) dismissal is appropriate.

**D.     Plaintiff's Complaint Fails to Allege Facts Sufficient to Demonstrate Application of the Implied Duty of Good Faith and Fair Dealing Doctrine.**

Colorado state law is clear in the requirement that a party cannot rely on the good faith and fair dealing doctrine unless the relevant agreement or contract gives one party discretion over certain terms of the contract. *See Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1363 (Colo. App. 1994) (the implied duty of good faith and fair dealing applies only to the performance of obligations owed to one party by the other under a specific contract term that allows for the exercise of discretion); *Ward v. Siebel Living Trust*, 365 Fed. Appx. 984, 988 (10th Cir. 2010) (based on Colorado law) (district court erred when it permitted the good faith and fair dealing claim to go to the jury since the listing agreement contained no provision for exercise of discretion under which the broker was owed an obligation to continued marketing of the trust property after the agreement expired).

The doctrine is applied only when one party has "discretionary authority to determine certain terms of the contract, such as quantity, price, or time." *Kaspryzk v. PNC Bank*, Nat. Ass'n, 2013 WL 3895069 (D. Colo. 2013) (citing *City of Boulder v. Public Serv. Co. of Colo.*, 996 P.2d 198, 204 (Colo. App. 1999)). "Discretion in performance occurs 'when the parties, at formation, defer a decision regarding performance terms of the contract' leaving one party with the power to set or control the terms of performance after formation." *City of Golden v. Parker*, 138 P.3d 285, 292 (Colo.2006) (quoting *Amoco Oil Co. v. Ervin, 908 P.2d 493, 498* (Colo. 1995)). However, the doctrine cannot be applied to contradict terms or conditions for which a party has bargained. *Id.*, at 498.

Here, Plaintiff fails to include any attachments or exhibits to demonstrate the existence of an applicable agreement with either of the Defendants to show a duty existed, let alone allege facts specific to demonstrate Defendants had any discretion over certain terms of any such

agreement. Again, Plaintiff makes a general, omnibus prayer for relief that includes allegations unrelated to the implied duty of good faith and fair dealing doctrine.

In addition to Plaintiffs' fundamental misunderstanding of the fair dealing doctrine in the State of Colorado, Plaintiff alleges that both Defendants are liable for breach of the implied duty of good faith and fair dealing when *forming* the contract. Dkt. 2., ¶ 54.

Plaintiff pleads no facts whatsoever that Defendant Lillie as an individual ever signed the alleged publishing contract with Plaintiff. Plaintiff also pleads no facts that Defendant Lillie owed a duty of good faith and fair dealing as an individual to Plaintiff nor does he provide any explanation as to how Defendant Lillie actually would have breached the implied duty of good faith and fair dealing when forming the alleged contract.

Separately, Plaintiff provides no evidence whatsoever that Defendant Vivid Independent Publishing and Plaintiff ever entered into an agreement together.

Plaintiff also pleads no facts whatsoever as to how Defendant Lillie or Defendant Vivid Independent Publishing actually would have breached the implied duty of good faith and fair dealing when forming the alleged contract.

Because there are no specific discretionary terms in the purported contract as pled by Plaintiff in the Complaint, and because Plaintiff has failed to prove the existence of a contract with either Defendant, there is no sustainable cause of action for breach of the implied duty of good faith and fair dealing doctrine, and Plaintiff's claim against both Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**E.     Plaintiff's Complaint Fails to Allege Facts Sufficient to Prove that Defendants were Unjustly Enriched.**

In Colorado, a claim for unjust enrichment is established by proving the following: "(1) defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 1994) (citing *DCB Constr. Co., Inc.*, 965 P.2d at 119-120).

Plaintiff alleges that "Lillie (1) received the benefit of the use of Plaintiff's IP; (2) used this benefit at the expense of the Plaintiff; and (3) unjustly provided no compensation to Plaintiff for the continued and retained use of Plaintiff's IP." Dkt. 2., ¶ 56. However, Plaintiff's entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted).

First, Plaintiff's Complaint failed to include and define "Plaintiff's IP," nor does Plaintiff allege any facts to demonstrate how such purported "use of Plaintiff's IP" benefited Defendants. It is unclear whether Plaintiff is the actual owner of the drawings of the QuickXyk character he commissioned between 2008-2013 that later inspired Defendant's Work.

Second, Plaintiff's Complaint fails to describe how Defendants benefitted from the use of "Plaintiff's IP." In fact, Plaintiff admits that "as [sic] of the time of this filing, the Work can be downloaded from the Fiberhub-hosted website at no cost." Dkt. 2., ¶ 36.

Finally, Plaintiff also pleads no facts in the Complaint stating how the alleged benefit received by Defendants came at Plaintiff's expense. Even if Defendant's Work is the purported "Plaintiff's IP" it is clear that Plaintiff never established that either Defendant Lillie or Defendant Vivid Independent Publishing was ever enriched by the distribution of Defendant's Work because

neither received any compensation for their creative time and efforts and actually incurred costs hosting Defendant's Work.

As with the above claims, Plaintiff fails to include any exhibits or supplements to demonstrate Defendants were actually enriched at all much less unjustly enriched.

Plaintiff's own Complaint even precludes Plaintiff's recovery under a theory of unjust enrichment. It is unclear that Defendants actually received a benefit at Plaintiff's expense given it is also unclear what benefit Plaintiff provided that Defendants gained from.

Thus, because Plaintiff's Complaint failed to include and specify as to what the benefit of "Plaintiff's IP" encompasses, nor does Plaintiff allege any facts to demonstrate how such purported "use of Plaintiff's IP" benefited Defendants, how that alleged benefit to Defendants came at Plaintiff's expense, and in light of Plaintiff's admission that the illustrated novella was also distributed for free, dismissal under Fed. R. Civ. P. 12(b)(6) is therefore appropriate.

### III. CONCLUSION

Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate if: (1) it does not allege sufficient facts to state a plausible claim; or (2) the facts that it does allege do not implicate any cognizable legal theory. Here, plaintiff's complaint fails both because it fails to state any plausible claims and because it fails to meet any cognizable legal theories.

For the foregoing reasons, both Defendant Vivid Independent Publishing and Defendant Lillie requests that this Court dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and that the Court award to Defendants their reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

COMPLIANCE WITH CIV. PRACTICE STANDARD 3(F)(1) Pursuant to Civ. Practice Standard 3(F)(1), counsel for Defendants conferred by telephone and email with counsel for Plaintiffs prior to filing this motion seeking to explain the issues presented in this motion to dismiss. This discussion included such conferral in connection with the Complaint, after which Plaintiff's counsel did not agree to amend to address the issues raised by Defendants' counsel.

**Dated**:   March 27, 2024

Respectfully submitted,

By**:** __*s/ John A. Arsenault*_____
John A. Arsenault, Esq.
Galen Peterson, Esq.
J.A. LLC
10901 W. 120th Avenue Suite 120
Broomfield, CO 80021
Phone: (303) 459-7898
Email:
John.Arsenault@frontrangelegalservices.com
Galen.Peterson@frontrangelegalservices.com

*Attorneys for Defendants David Lillie. Vivid Independent Publishing LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jacob Mateo Baker
Iowa #AT0015018
10050 Palma Linda Way
Apt 201
Orlando, FL 32836
(707) 327-6984
law@jmateobaker.com

*Attorney for Plaintiff*

**Dated**: March 27, 2024
Broomfield, Colorado

FRONT RANGE LEGAL SERVICES

By: _____*s/ John A. Arsenault*_____
John A. Arsenault, Esq.
10901 W. 120th Avenue Suite 120
Broomfield, CO 80021
Phone: (303) 459-7898
Email: John.Arsenault@frontrangelegalservices.com