## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. <u>1:23-cv-02616-SKC-KAS</u>

ERIC O. HARMS,

 Plaintiff,

v.

DAVID LILLIE;
VIVID INDEPENDENT PUBLISHING LLC; and
VEGASNAP, LLC d.b.a. FIBERHUB;

 Defendants.

---

### RESPONSE IN OPPOSITION TO DEFENDANTS DAVID LILLIE'S AND VIVID INDEPENDENT PUBLISHING LLC'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

---

 Plaintiff Eric O. Harms ("Plaintiff") responds in opposition to Defendants David Lillie's and Vivid Independent Publishing LLC's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Dkt. 16, filed March 27, 2024) ("Motion to Dismiss"). This response is in opposition only to the Motion to Dismiss filed on March 27, 2024, under Document No. 16 addressing the first four Causes of Action in the Complaint initiating Civil Case Number 1:23-cv-02616-SKC-KAS and does not address the fifth Cause of Action in the Complaint against Defendant VegasNAP, LLC d.b.a. Fiberhub ("Fiberhub"). As of the time of this writing, there

has been no answer from Fiberhub, and Plaintiff is prepared to oppose any future motions made against the fifth Cause of Action of the Complaint.

**LEGAL ARGUMENT OVERVIEW**

The Motion to Dismiss makes repeated use of several defenses that warrant separate legal consideration. Before going over the Motion to Dismiss point-by-point, it is helpful to address these repeated defenses. Further, Plaintiff wishes to draw the Court's attention to the lack of a Certification of Non-Use of Generative Artificial Intelligence ("AI") on the Motion to Dismiss in violation of Standing Order Rule C(2). The dogged repetition of claims, the casual denial of easily proven facts, the citation of unpublished decisions, and the plagiarism of a court opinion are all hallmarks of the use of generative AI.[1]

**A. The Motion to Dismiss repeatedly claims that the Plaintiff has failed to prove the facts despite there being no legal requirement to prove facts with the Complaint.**

It is a fundamental principle of American jurisprudence that the complaint initiating a civil case is not required to *prove* its claims. *See* Fed. Rule Civ. Proc. 8(a)(2) and (3), (d)(1), (e); *see also Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (finding that after "stat[ing] simply, concisely, and directly events that, they

---

[1] Unpublished citations from the Motion to Dismiss include *Jacobs v. Credit Suisse First Bos.*, No. 11-CV-00042-CMS-KLM, 2011 WL 4537007 (D. Colo. Sept. 30, 2011); and *Kaspryzk v. PNC Bank, Nat. Ass'n*, 2013 WL 3895069 (D. Colo. 2013); the latter plagiarized from a paragraph in *Mem. Op. & Or. Granting in Part & Den. in Part Def.'s Partial Mot. to Dismiss*, Case 1:13-cv-00909-WJ-GJF, ECF No. 67 at 12 (D.N.M. Nov. 15, 2015).

alleged, entitled them to damages . . . [plaintiffs] were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim."). Rather, the Court is required to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). While the Supreme Court has heightened the requirements for claims in a federal civil complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," these decisions still assert that the court "must take all of the factual allegations in the complaint as true" providing only that "legal conclusions couched as a factual allegation" may be questioned in the court's calculus. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This misstatement of civil procedure is best shown in the Motion to Dismiss's headings, including this gymnastic pairing:

> B. Plaintiff's Complaint Fails to Allege Facts Sufficient to Prevail on a Claim of Copyright Infringement as a Matter of Law.
>
> 1. Plaintiff's Complaint Fails to Prove the Ownership and Existence of a Valid Registration or Standing to Assert a Copyright Infringement Claim.

(Dkt. 16 at 4). The primary heading hints at the proper discernment for a Rule 12(b) motion, requiring sufficient facts "to draw the reasonable inference" of misconduct.

*Iqbal*, 556 U.S. at 664. The subheading goes past *Iqbal*'s reach with a demand for proof, as if the Supreme Court's requirement that this court "must take all of the factual allegations in the complaint as true" were suggestive. *Id*. This confusion may be from the citation of *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), a case that involved both a Rule 56 Motion for Summary Judgment and a Rule 12(b)(6) Motion to Dismiss. The former lets the court "view the evidence and draw reasonable inferences" under Fed. R. Civ. P. 56(c) and is appropriate once evidence is entered while the latter demands the court must "assume the truth of the plaintiff's well-pleaded factual allegations." *Red Hawk*, 493 F.3d at 1177. *Compare Cory*, 583 F.3d at 1243-44 (describing review of summary judgment) *with Id.* at 1244 (describing review of dismissal).

**B. The Motion to Dismiss repeatedly uses the Complaint's lack of attached exhibits as a basis for its failure to state a claim, yet documents referenced in the Complaint must be considered by the court.**

The Motion to Dismiss mentions multiple times the lack of exhibits in the Complaint, but not only is there no requirement for a complaint to have exhibits, exhibits were constructively attached by reference. (Dkt. 16 at 5, 8-9, 11-13, 15; Dkt. 2 at p.1, ¶ 7). Courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Tellabs, Inc. v. Issues*, 551 U.S. 308, 322 (2007). This approach continues to be affirmed in the 10th Circuit where courts examine documents that are "a matter of public record, quoted in the complaint, central to

[the] claims, and the parties do not dispute its authenticity." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1203 n.1 (10th Cir. 2022) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

The Complaint makes two references to the origins of this case in the Copyright Claims Board under docket 23-CCB-0120. (Dkt. 2 at 1, ¶ 7.) The Copyright Claims Board ("CCB") is a "tribunal located in the Copyright Office and available as a voluntary alternative to federal court" providing "an efficient, streamlined way to resolve copyright disputes . . . and is designed to be less expensive and faster than bringing a case to a federal court." *About the Copyright Claims Board | U.S. Copyright Office*, https://ccb.gov/about/ (last visited April 9, 2024). While Lillie opted-out of the case, the CCB continues to hold out to the public the case record which includes (1) a signed copy of Vivid Publication Contract 2.0 ("the Contract") (*Amended Claim - Vivid_CoAuthor_Contract.pdf*, 23-CCB-0120 3-2)[2]; (2) the original complaint (*Amended Claim - Harms_AdditionalInformation.pdf*, 23-CCB-0120 3-3)[3]; (3) the receipt for registration of the Copyright from the Library of Congress (*Amended Claim – Xyk_Copyright.pdf*, 23-CCB-0120 3-1)[4]; (4) the Service Packet containing a copy of the Contract (*Service Packet*, 23-CCB-0120 4)[5]; (5) signed evidence of proper service on Lillie at his home on June 22, 2023 (*Proof of Service*,

---

[2] https://dockets.ccb.gov/publishedRecord/download/3136?fileHolderId=8445
[3] https://dockets.ccb.gov/publishedRecord/download/3136?fileHolderId=8446
[4] https://dockets.ccb.gov/publishedRecord/download/3136?fileHolderId=8443
[5] https://dockets.ccb.gov/document/download/3456 (Download limited to parties, attached for the convenience of the court.)

23-CCB-0120 7)[6]; and finally (6) the opt-out from Lillie on June 29, 2023, confirming his having read the Service Packet (*Opt-out for David Lillie*, 23-CCB-0120 8)[7]. These documents are available to the Court for making determinations regarding the plausibility and reasonable inference standards of a complaint to survive a Rule 12(b)(6) motion to dismiss. *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997) (finding that a district court erred when it dismissed based on failure to enumerate claims in the complaint "effectively depriv[ing] plaintiff of its Rule 10(c) right to incorporate by reference.").

### C. The Motion to Dismiss repeatedly suggests that the Contract may not exist at all despite evidence that Lillie was hand-delivered a copy of the Contract less than a year ago.

The Motion to Dismiss suggests multiple times that the Contract mentioned in the Complaint may not exist, which is already a pointless exercise given the *Iqbal* requirement that the court must consider every claim by the Complaint as true but is made even more baffling by the CCB records showing a signed copy of the Contract was put in Lillie's fingers. (*Proof of Service*, 23-CCB-0120 7).

Considering the Contract (1) was written by Lillie, (2) was signed by Lillie, (3) and was handed as a copy to Lillie at his home address, the argument suggesting the Contract may not exist is perplexing. (Dkt. 2 ¶¶ 20-21). Further, by denying the existence of the contract, Defendants have failed to challenge its authenticity. *See*

---

[6] https://dockets.ccb.gov/document/download/3668
[7] https://dockets.ccb.gov/case/detail/23-CCB-0120

*U.S. v. Phillips*, 543 F.3d 1197, 1204 (10th Cir. 2008) (finding that defendant's objection to the admission of a document was not an objection to its authenticity); *see also Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (describing challenge to document's authenticity regarding receipt date and not existence).

The Contract meets all the requirements enumerated by *Chilcoat*, as being (1) a public document, (2) quoted in the complaint, (3) central to the claims, and (4) lacking any challenge to its authenticity. *Chilcoat*, 41 F.4th at 1203 n.1. Paired with the process server's Proof of Service, it is difficult to understand why the Defendants are challenging the existence of a document they are literally holding.

## LEGAL ARGUMENT AGAINST EACH SECTION

### A. AGAINST: Fed. R. Civ. P. 12(b)(6) Provides for Dismissal of a Complaint for Failure to State a Claim Upon which Relief Can Be Granted.

The facts in the Complaint are clear, specific, dated, and describe enough detail for a plausible belief that a breach of contract occurred, rising much higher than the generic accusations of "unlawful" discrimination and "parallel conduct . . . likely explained by, lawful, unchoreographed free-market behavior" that heightened complaint scrutiny after *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)).

### B. AGAINST: Plaintiff's Complaint Fails to Allege Facts Sufficient to Prevail on a Claim of Copyright Infringement as a Matter of Law.

#### 1. AGAINST: Plaintiff's Complaint Fails to Prove the Ownership and Existence of a Valid Registration or Standing to Assert a Copyright Infringement Claim.

The Plaintiff not only claimed to register the copyright, but provided the registration number in the complaint, making confirmation as trivial as a web search. (Dkt. 2 ¶ 37). Further, minimum fulfillment of this element is demonstrated in Defendants' citation. In *Feist*, the first element was "not at issue" since the defendant conceded that the inclusion of "some foreword text" provided adequate originality to sustain a copyright in a phone book. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Enough originality exists with the creation of "an anthropomorphic coyote wearing a black leather collar with a silver buckle" with a name so unique, Plaintiff's registration is the only listing under "QuickXyk" in the U.S. Copyright Office's online Copyright Catalog.[8] (Dkt. 2 ¶ 14).

## 2. AGAINST: Plaintiff's Complaint Fails to Prove that Defendant Vivid Independent Publishing Copied Plaintiff's Work as a Matter of Law.

The Contract affirms that the title of the Work is "QuickXyk Ring of Vengeance." (*Amended Claim - Vivid_CoAuthor_Contract.pdf*, 23-CCB-0120 3-2 p.1). This is still the title of the Work found on the Fiberhub-hosted website, also included in the Complaint by reference. (Dkt 2 ¶ 47).[9] The Contract refers to "QuickXyk" as "[t]he Work's feature character," and that "[t]he coauthor [Plaintiff] has allowed the use of their character in the formation of The Work, the specific chapters comprising the novella and illustrations for Ring of Vengeance, and the

---

[8] https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First
[9] https://dreamkeeperscomic.com/store/p/QuickXyk-Ring-of-Vengeance-PDF

coauthor shares ownership of The Work with the author and illustrator David

Lillie." (*Amended Claim - Vivid_CoAuthor_Contract.pdf*, 23-CCB-0120 3-2 p.1). The

Contract shows Defendants had intended from the start to copy QuickXyk.

### 3. AGAINST: Plaintiff's Complaint Fails to Prove that Defendant Lillie Copied Plaintiff's Work as a Matter of Law.

 The Defendant's argument here is that both Lillie and Vivid Independent

Publishing, LLC ("Vivid") cannot be "conflat[ed] through speculation and innuendo."

(Dkt. 16 p.7). According to LARA, the corporation online filing system maintained

by the Michigan Department of Licensing and Regulatory Affairs, Vivid has only

ever filed its articles of incorporation and mandatory annual statements.[10] This

implies that Vivid is a "mere instrumentality" under Michigan law, a term to

describe LLCs whose members treat them as an "alter ego" and not financially and

administratively separate. *See Florence Cement Co. v. Vettraino*, 807 N.W.2d 917,

922-23 (2011). ("[W]here members do not treat an artificial entity as separate from

themselves, neither will this Court."). This "alter ego doctrine" has been adopted by

Colorado. *Fink v. Montgomery Elevator Co. of Colo.*, 421 P.2d 735, 739 (Colo. 1996).

## C. AGAINST: Plaintiff's Breach of Contract Claim Fails under Colorado State Law.

### 1. AGAINST: Plaintiff's Complaint Fails to Sufficiently Allege Facts Showing the Existence of a Contract Between Itself and Either Defendant Lillie or Defendant Vivid Independent Publishing.

---

[10]https://www.michigan.gov/lara

Defendants cite *Western Distribution Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992), enumerating the four elements of a breach of contract under Colorado law, the first of which is (1) the existence of a contract. *Id*. at 1058. "Although the interpretation of an established written contract is generally a question of law for the court, . . . we have stated previously that it is for the jury to determine whether the parties have entered into a contract." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882 (Colo. 1986) (citing *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2df 1310, 1313 (Colo. 1984), and *Babcock v. Bouton*, 85 Colo. 327, 331-32, 275 P. 908, 910 (1929)). Since all alleged facts of the Complaint must be accepted as true by the Court for the purposes of a Motion to Dismiss, the simple claim that a contract exists is enough to satisfy this requirement.

### 2.  AGAINST: Plaintiff's Complaint Fails to Sufficiently Allege Facts Demonstrating Performance by Plaintiff.

In a copyright licensing agreement, the performance is the promise to provide license to the copyrighted material. Restatement (Second) of Contracts § 232 (Am. Law Inst. 1981); *also see generally Long v. Cordain*, 343 P.3d 1061, 1067 (Colo. App. 2014) (showing example of a licensing contract under Colorado law). This is precisely the claim in the Complaint. (Dkt. 2 ¶ 20). While giving license may not have the same quality of "performance" as installing a water heater, it is satisfactory for the purposes of the claim.

### 3.  AGAINST: Plaintiff's Complaint Fails to Sufficiently Allege Facts Demonstrating a lack of Performance by Defendants.

Defendants' admission to performing "at least one of their obligations under the purported contract" implies admission that *other* obligations were not met. (Dkt. 16 at 10). Performing "at least one" of the contract's terms does not release all other terms. *See* Restatement (Second) of Contracts § 235(2) (Am. Law Inst. 1981). Further, Defendants focus heavily on the profit divisions listed in the Contract, ignoring Section VII ("Dissolution") which required Defendants to "agree to first consult with one another, in person or over the phone, to resolve differences reasonably and amicably" in the event of dissolution. (*Vivid_CoAuthor_Contract.pdf – Amended Complaint*, 23-CCB-0120 3-2 p.4). The Complaint included the communications following Plaintiff's dissolution, showing how Defendants failed to honor the Contract. (Dkt. 2 ¶¶ 29-34, 48).

### 4.  AGAINST: Plaintiff's Complaint does not Demonstrate any Damages from the Alleged Breach of Contract.

The Complaint does allege damages. (Dkt. 2 ¶¶ 51, 53, 55, 57). "A complete range of non-economic damages is available . . . so long as the damages are foreseeable at the time of contracting and the damages are a natural and probable result of the breach." *Giampapa v. American Family Mut. Ins. Co.*, 64 P.3d 230, 234 (Colo. 2003). Nothing in the Contract warns Plaintiff the Defendants could release the Work for free, severely crippling profit potential and loosening control over the QuickXyk character. Defendants' decision was made without approval using the insulting claim "as a favor to you" as if the unapproved change in material terms was a kindness. (Dkt. 2 ¶ 31). This implies Defendants' breach was willful,

insulting, or wanton. (Dkt. 16 at 11 (citing *Trimble v. City County of Denver*, 697

P.2d 716, 731 (Colo. 1985) (citing *Hall v. Jackson*, 134 P. 151, 152 (1913)))).

### D. AGAINST: Plaintiff's Complaint Fails to Allege Facts Sufficient to Demonstrate Application of the Implied Duty of Good Faith and Fair Dealing Doctrine.

Every contract in Colorado has an implied duty of good faith and fair dealing.

Colo. Rev. Stat § 4-1-203; *Cf. Nunn v. Mid-Century Ins. Co.*, 244 P.3d 116, 119 (Colo.

2011). Defendants are correct that "Colorado law is clear in the requirement that a

party cannot rely on the good faith and fair dealing doctrine unless the relevant

agreement or contract gives one party discretion over certain terms of the contract."

(ECF 1:13-cv-009090-WJ-GJF 84, p.4 (citing *Wells Fargo Realty Advisors Funding,*

*Inc. v. Uiloi, Inc.*, 872 P.2d 1359, 1363 (Colo. App. 1994))).[11] But Defendants had

discretion to set the price of the Work to nothing. (Dkt. 16 at 11-12). "Discretion in

performance occurs 'when the parties, at formation, defer a decision regarding

performance terms of the contract' leaving one party with the power to set or control

the terms of performance after formation." *City of Golden v. Parker*, 138 P.3d 285,

292 (Colo. 2006) (citing *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995)).

---

[11] The first two paragraphs of Defendants' argument in this section are copied without citation from a memorandum opinion and order written by Judge William Paul Johnson of the District of New Mexico. Mem. Op. & Ord. Den. Def.'s Mot. to Dismiss Pl.'s Claim for Breach Imp. Duty of Good Faith & Fair Dealing Under Colo. Law, Case 1:13-cv-00909-WJ-GJF 4, ECF No. 84 (D.N.M. Mar 5, 2015), https://www.govinfo.gov/content/pkg/USCOURTS-nmd-1_13-cv-00909/pdf/USCOURTS-nmd-1_13-cv-00909-1.pdf (last visited April 9, 2024). *See also supra*, n.1.

"When one party uses discretion conferred by the contract to act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract, the contract is breached." *Wells*, 872 P.2d at 1363 (citing *Simmons Oil Corp. v. Holly Corp.*, 852 P.2d 523 (Mont. 1993)).

Defendants also suggest that the complaint "pleads no facts whatsoever that Defendant Lillie as an individual ever signed the alleged publishing contract with Plaintiff." (Dkt. 16 at 13). Anticipating that Defendants will claim that the typed name "David Lillie" on the signature line of the Contract is unenforceable, Plaintiff points to Colo. Rev. Stat. § 24-71.3-107(1): "A record or signature may not be denied legal effect or enforceability solely because it is in electronic form." *See also* Electronic Case Filing Procedures for the Dist. of Colo. (Civil Cases) Ver. 6.1 § 4.3.

## E. AGAINST: Plaintiff's Complaint Fails to Allege Facts Sufficient to Prove that Defendants were Unjustly Enriched.

While Defendants may view Unjust Enrichment purely from the perspective of cash, Colorado maintains a broader look, requiring that the remedy must "restore the harmed party 'to the position he formerly occupied either by the return of something which he formerly had or by the receipt of its monetary equivalent.'" *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008) (citing Restatement of Restitution § I cmt. A (1937)). Prior to the release of the Work, Plaintiff had maintained control over his QuickXyk character. (Dkt. 2 ¶¶ 14, 18). By ignoring Plaintiff's requests for removing QuickXyk from the Work while preserving its salability, Defendants took away that control entitling Plaintiff to a remedy. (Dkt. 2 ¶¶ 32, 34). Further,

Defendants used the Work to promote their website, making multiple announcements of the Work online. (Dkt. 2 ¶¶ 30, 35, 47). Therefore, Defendants did (1) receive the benefit of the use of QuickXyk; (2) used it at the expense of the Plaintiff, stripping his control over the QuickXyk character; and (3) denying him the contractual consideration he was entitled to for his license. (Dkt. 2 ¶ 56).

## <u>CONCLUSION</u>

In its conclusion, the Motion to Dismiss asks the Court to dismiss the case "in its entirety," with Defendants Lillie and Vivid apparently speaking for Fiberhub. (Dkt. 16 at 15). The lack of any challenge to the Fifth Cause of Action in the Complaint makes this request inappropriate, as is Lillie's and Vivid's overreaching representation. For all the reasons given above, Plaintiff asks the Court to deny Defendants David Lillie's and Vivid Independent Publishing LLC's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Complaint. (Dkt. 16, filed Mar. 27, 2024).

Dated: April 9, 2024            Respectfully submitted,

                             __s/ Eric O. Harms_____
                             ERIC O. HARMS, Plaintiff

By:  __s/ Jacob Mateo Baker_____
      Jacob Mateo Baker
      Iowa #AT0015018
      10050 Palma Linda Way Apt 201
      Orlando, FL. 32836
      Telephone: (707) 327-6984
      E-mail: law@jmateobaker.com
      Attorney for Plaintiff Eric O. Harms

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

---

**CERTIFICATION OF NON-USE OF**
**GENERATIVE ARTIFICIAL INTELLIGENCE ("AI")**

---

Under Standing Order Rule C(2), I certify that no portion of this Response in

Opposition to Defendants David Lillie's and Vivid Independent Publishing LLC's

Fed. R. Civ. P. 12(b)(6) Motion to Dismiss was drafted by AI.

Dated: April 9, 2024                    \_\_s/ Jacob Mateo Baker_____
                                        Jacob Mateo Baker
                                        Iowa #AT0015018
                                        10050 Palma Linda Way Apt 201
                                        Orlando, FL. 32836
                                        Telephone: (707) 327-6984
                                        E-mail: law@jmateobaker.com
                                        Attorney for Plaintiff Eric O. Harms

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

I hereby certify that on April 9, 2024, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following email addresses:

John A. Arsenault, Esq.
Front Range Legal Services
10901 W. 120th Avenue Suite 120
Broomfield, CO 80021
Phone: (303) 459-7898
Email: John.Arsenault@frontrangelegalservices.com
Attorney for Defendants David Lillie and Vivid Independent Publishing, LLC

Dated: April 9, 2024                    __s/ Jacob Mateo Baker_____
                                        Jacob Mateo Baker
                                        Iowa #AT0015018
                                        10050 Palma Linda Way Apt 201
                                        Orlando, FL. 32836
                                        Telephone: (707) 327-6984
                                        E-mail: law@jmateobaker.com
                                        Attorney for Plaintiff Eric O. Harms