IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02616-KAS

ERIC O. HARMS,

   Plaintiff,

v.

VIVID INDEPENDENT PUBLISHING LLC,

   Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Sanctions for Failure to Comply with a Subpoena Duly Served under Fed. R. Civ. P. § [sic] 37** ("Pl.'s Motion") [#63]. Defendant, joined by nonparty Andrew Simpson, filed a Response [#70][1] and Plaintiff filed a Reply [#71].

This matter is also before the Court on Mr. Simpson's **Motion for Sanctions** ("Mr. Simpson's Motion") [#69], to which Plaintiff filed a Response [#72].

For the following reasons, the Motions [#63, #69] are **DENIED**.[2]

---

[1] The Response [#70] was also filed by Defendant David Lillie, who has since been dismissed from the case. *See Order* [#61] at 33 (dismissing most claims against Lillie except the unjust enrichment claim); *Order* [#74] at 20 (granting summary judgment in Defendant Lillie's favor on the unjust enrichment claim).

[2] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See* [#24, #26].

## I. Background[3]

This case arose from a dispute regarding use of a fictional character, "QuickXyk," an anthropomorphic coyote. Plaintiff previously commissioned former-Defendant David Lillie, owner of Defendant Vivid Independent Publishing LLC, to draw multiple images of QuickXyk. In relation to this commission, on March 8, 2020, Plaintiff and Defendant signed and fully executed the Vivid Publication Contract 2.0 (the "Contract").

On February 28, 2023, Plaintiff sent an email to Mr. Lillie implicitly attempting to invoke the "Dissolution" provision of the Contract. The following day, Plaintiff received an email from Defendant that was signed by someone simply as "-h". The email indicated that Defendant would move forward with its plans to publish QuickXyk under the terms of the contract. Plaintiff and "-h," who stated that he had the right to speak on Defendant's behalf, exchanged several more emails but did not reach a resolution.

On March 8, 2023, Defendant released a graphic novel online titled "QuickXyk: Ring of Vengeance" and offered it free to the public. Plaintiff subsequently filed this lawsuit, asserting multiple claims, including copyright infringement and breach of contract. *Complaint* [#1]. Plaintiff's legal claims have been resolved, see *Orders* [#61, 74], *Minute Entry* [#85], and only the Motions for Sanctions [#63, 69] remain. The Motions stem from Plaintiff's contention that Mr. Simpson is the person who exchanged emails with Plaintiff when he attempted to dissolve the Contract. Plaintiff asserts the person who signed those emails as "-h" is Mr. Simpson and is known online as Hazencruz. *Pl.'s Motion* [#63] at 3.

Based on this belief, on November 12, 2024, Plaintiff served Mr. Simpson with a Subpoena to Testify at a Deposition in a Civil Action. *Subpoena* [#63-1]. The video

---

[3] The information in this section is adopted from the undisputed facts set forth in the Court's Order on the parties' Motions for Summary Judgment. *Order* [#74] at 2-7.

2

recorded deposition was set for 10 a.m. on December 2, 2024, in Greenville, South Carolina. *Id.* at 1. On December 1, 2024, at 4:12 p.m., Attorney Paul Godec emailed Plaintiff's counsel on Mr. Simpson's behalf to state that Mr. Simpson would not be appearing at the scheduled deposition. *Pl.'s Ex. 3, Email* [#63-3]. Despite this notice, Plaintiff's counsel proceeded with the deposition the next morning. Mr. Simpson did not appear. *Pl.'s Ex. 4, Dep. Tr.* [#63-4] at 4:1-10, 6:13-15, 10:2-14.

On February 13, 2025, the Court held a motion hearing during which Plaintiff requested an extension of the discovery cutoff deadline so that he could depose Mr. Simpson. *Feb. 14, 2025 Hr'g Tr.* [#62] at 4:5-6. He also sought $784.72 in costs associated with travel, food, and lodging related to the December 2, 2024 deposition. *Id.* at 4:7-11, 6:12-7:7. Mr. Simpson's counsel, Attorney Godec, attended the hearing and denied that Mr. Simpson was Hazencruz and that he had any knowledge relevant to this case. *Id.* at 8:15-21. Ultimately, the Court denied Plaintiff's request for sanctions because the Court was not presented with uncontroverted evidence that Plaintiff had subpoenaed the correct individual. *Id.* at 14:16-23. The Court further explained, "If at some later point you determine that this is the right person, then you may file an appropriate motion at that time for a failure to comply with the subpoena that was duly served[.]" *Id.* at 15:1-4.

Plaintiff deposed Mr. Simpson on March 14, 2025. *See Mr. Simpson's Ex. 1, Simpson Dep. Tr.* [#69-1]. Mr. Simpson denied being Hazencruz or having any knowledge of the case or the parties. *Id.* at 9:10-13, 19:12-19, 20:15-21:22, 24:13-23, 39:18-40:1, 42:25-43:6. Mr. Simpson's testimony mirrored communications from Attorney Godec to Plaintiff's counsel. In at least four emails prior to Mr. Simpson's deposition, Attorney Godec informed Plaintiff's counsel that Mr. Simpson is not Hazencruz and knows nothing

about the case or the parties. *See Mr. Simpson's Ex. F*, *Dec. 9, 2024 Godec-Baker Email* [#69-6] at 1; *Mr. Simpson's Ex. G*, *Dec. 18, 2024 Godec-Baker Email* [#69-7] at 1; *Pl.'s Ex. 10*, *Feb. 20, 2025 Baker-Godec Emails* [#63-10] at 1; *Pl.'s Ex. 9*, *Feb. 25, 2025 Godec- Arsenault-Baker Email* [#63-9]. Additionally, in at least two of those emails, Attorney Godec offered to make Mr. Simpson available for an informal telephone conversation with Plaintiff's counsel to obviate the need for a deposition. *Mr. Simpson's Ex. F*, *Dec. 9, 2024 Godec-Baker Email* [#69-6] at 1; *Mr. Simpson's Ex. G*, *Dec. 18, 2024 Godec-Baker Email* [#69-7] at 1. However, Plaintiff's counsel did avail himself of that opportunity. *See Mr. Simpson's Ex. G*, *Dec. 18, 2024 Godec-Baker Email* [#69-7] at 1. Plaintiff's counsel also did not avail himself of an opportunity to communicate with the real Hazencruz after Attorney Godec provided that individual's contact information on February 15, 2025, more than two weeks before Mr. Simpson's deposition. *See Pl.'s Ex. 9*, *Feb. 25, 2025 Godec-Arsenault-Baker Email* [#63-9]; *see also Pl.'s Ex. 11*, *Mar. 17, 2025 Godec-Baker Email* [#63-11] (noting that Plaintiff's counsel "ha[s] made no effort to contact [Andrew Hazencruz].").

Nevertheless, Plaintiff continues to assert that Mr. Simpson is Hazencruz. *Motion* [#63] at 1-7. Based on this assertion—which contradicts all other information in the record—Plaintiff seeks Federal Rule of Civil Procedure 37 sanctions in the form of $784.72 in costs related to the December 2, 2024 deposition at which Mr. Simpson did not appear. *Pl.'s Motion* [#63] at 7. Plaintiff also asks the Court to affirmatively declare that Mr. Simpson is Hazencruz and prohibit Mr. Simpson from asserting otherwise. *Id.*

In his own Motion [#69], Mr. Simpson seeks an award of $6,600 in attorney fees and expenses as sanctions against Plaintiff's counsel under Federal Rule of Civil

4

Procedure 11. *Mr. Simpson's Motion* [#69] at 20. In support, Mr. Simpson argues that Plaintiff's counsel lacked a good faith belief that he was Hazencruz, and counsel could have easily disabused himself of that belief by "simply speaking to Simpson on the telephone." *Id*. at 15. Instead, Plaintiff's counsel relied "exclusively on faulty information[.]" *Id*. at 16.

## II.   Analysis

### A.   Plaintiff's Motion for Sanctions [#63]

Plaintiff seeks sanctions against Mr. Simpson solely under Federal Rule of Civil Procedure 37(b). *Pl.'s Motion* [#63] at 1. Rule 37(b) allows a party to seek sanctions when an opposing party fails to comply with a discovery order. However, the Rule applies only to "a part[y] or a party's officer, director or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)[.]" Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(b)(2)(C) (authorizing sanctions against a noncompliant party in the form of "the reasonable expenses, including attorney's fees, caused by the failure"). Mr. Simpson opposes the Motion [#63] on grounds that he is not a party to this lawsuit. *Response* [#70] at 4-5.

In his Reply, Plaintiff offers three arguments: (1) Mr. Simpson is Hazencruz; (2) Hazencruz is a managing agent of Defendant; and (3) the Court has inherent power to sanction under Federal Rule of Civil Procedure 45(g). *Reply* [#71] at 4-5, 6-8. The third argument is waived because Plaintiff first raised it in his Reply, he did not raise it in his Motion. *See United States v.* Leffler, 942 F.3d 1192, 1197 (10th Cir. 2019) (noting that arguments first raised in a reply brief are waived).

In support of the second argument, Plaintiff relies on two forms of evidence:

5

> (1)   an online video posted by Hazencruz and in which "he invites watchers to send him packages to" a specific mailing address that matches Defendant's; and
>
> (2)   a document received from a company called Apogee Design, Inc. in response to a subpoena that indicates Hazencruz is an "Assistent [sic] / Manager" for Defendant.

*Id.* at 4-5 (citing *Ex. 3*, Apogee *Design correspondence* [#71-3]). However, Plaintiff made no attempt to authenticate them as required by Federal Rule of Evidence 901.

Rule 901(a) provides, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The Federal Rules of Evidence set forth means for both authenticating documents and identifying those documents that are self-authenticating. Fed. R. Evid. 901, 902. For example, the testimony of a witness with knowledge of the item may satisfy the authentication requirement. Fed. R. Evid. 901(b)(1). Also, Rule 901(b)(4) provides that a document might be sufficiently authenticated through its "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken together with all the circumstances." Additionally, Rule 902(5) recognizes that a publication issued by a public authority is self-authenticating.

   1.   **Online Video**

Plaintiff includes a hyperlink in his Motion to an online video purportedly of an individual who identifies himself as Hazencruz. *Pl.'s Motion* [#71] at 4 (citing *Ex. 2*, Screenshot [#71-2]). Plaintiff states that in the video, Hazencruz asks viewers to send him packages to a specific address, which Plaintiff contends matches Defendant's mailing address. *Id.* (citing *Mailing Label* [#49-7]). However, Plaintiff makes no attempt to authenticate this video.

"While Fed. R. Evid. 902(5) provides that '[a] book, pamphlet, or other publication purporting to be issued by a public authority' is self-authenticating, private websites, or websites that do not fall squarely within the language of Rule 902(5), are not considered self-authenticating." *Powers v. Emcon Assocs., Inc.*, No. 14-cv-03006-KMT, 2017 WL 2718476, at *5 (D. Colo. June 23, 2017) (citing *Hansen v. PT Bank Negara Indonesia (Persero),* 706 F.3d 1244, 1250 (10th Cir. 2013) (applying Fed. R. Evid. 902(5) to conclude that a foreign bank's website was not self-authenticating)). Thus, the video's mere existence on the internet is insufficient to render it self-authenticating. Therefore, the Court cannot consider this evidence in support of Plaintiff's Motion [#63]. *See Powers*, 2017 WL 2718476, at *6 (declining to consider LinkedIn profiles and a former defendant's previous website based on proponent's failure to authenticate).

### 2. Apogee Design Correspondence

Plaintiff also relies on the Apogee Design correspondence received in response to a subpoena. *Reply* [#71] at 4-5 (citing *Ex. 3*, *Apogee Design letter* [#71-3]). Again, Plaintiff has not authenticated this document. While the letter appears to be on Apogee Design letterhead, that letterhead would render a document produced during discovery "authentic per se for purposes of Federal Rule of Evidence 901" when it is on "the letterhead of the opposing, producing party." *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009). Here, Apogee Design is not a party to this case; therefore, the document is not authentic per se and thus the Court may not consider it.

Even if the Court could consider the Apogee Design correspondence [#71-3], the document provides no reliable evidence regarding Hazencruz's role in Defendant's organization. Plaintiff's subpoena requested Apogee Design to provide the "full names,

7

addresses, phone numbers, and emails of all contacts related to" Defendant. *Ex. 3, Apogee Design letter* [#71-3] at 1, 3. The second page of the letter lists the following, in relevant part:

> Contacts Related to Vivid Independent Publishing LLC
>
>     * * * *
>
> Hazencruz - ?? Assistent [sic] / Manager
> -full name and address not known
> -Skype is hazencruz
> -phone: +1 (864) 378-2933
> -hazencruz@protonmail.com
> -hazencruz@gmail.com

*Id.* at 2. Two question marks preceding the identification of Hazencruz as an assistant or manager suggest uncertainty as to this individual's role in Defendant's organization. *Id.* Further, the letter provides no indication of who determined Hazencruz's potential role or the basis for that determination. *Id.*

While the "bar for authentication of evidence is not particularly high," *United States v. Isabella*, 918 F.3d 816, 843 (10th Cir. 2019) (citation omitted), Plaintiff has not attempted to authenticate the evidence upon which he relies. Further, neither Rule 901 nor 902 provides a basis for the Court to find either item authenticated. Therefore, the Court cannot consider these items in adjudicating Plaintiff's Motion and thus Plaintiff has not provided reliable evidence to establish that Hazencruz is a managing agent for Defendant. Accordingly, Plaintiff's request for sanctions under Rule 37 fails as a matter of law. Because of this ruling, the Court need not address Plaintiff's argument that Mr. Simpson is Hazencruz. Nevertheless, the Court notes that such an argument would likely again fail based on Plaintiff's failure to authenticate the evidence upon which he relies.

**B.     Mr. Simpson's Motion for Sanctions**

Mr. Simpson seeks sanctions against Plaintiff's counsel under Federal Rule of Civil Procedure 11(c). *Mr. Simpson's Motion* [#69] at 1. Rule 11 includes a safe harbor provision that requires a party to serve any related motion "under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2); *see also Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (explaining that Rule 11 requires "a copy of the actual motion for sanctions to be served . . . at least twenty-one days prior to the filing of that motion").[4] The safe harbor provision "is strictly enforced in this circuit." *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 n.5 (D. Colo. 2019) (quoting *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010)); *see also Roth*, 466 F.3d at 1192-93 (10th Cir. 2006) (rejecting argument that Rule 11 permits substantial, as opposed to strict, compliance).

Mr. Simpson did not comply with Rule 11's safe harbor provision prior to filing the Motion for Sanctions. The Motion states that, prior to its filing, counsel for Mr. Simpson conferred with Plaintiff's counsel by email and telephone. *Mr. Simpson's Motion* [#69] at 1. Mr. Simpson does not represent that he served the Motion on Plaintiff's counsel prior to its filing. Further, Plaintiff's counsel specifically states that the Motion was not provided to him prior to its filing. *Response* [#72] at 2. Mr. Simpson does not dispute this assertion. Based on this, the Court cannot grant the relief Mr. Simpson seeks. *See Mellott v. MSN*

---

[4] This portion of *Roth* referred to an older version of the rule, when the provision for a sanctions motion was found at Rule 11(c)(1)(A). *See Roth*, 466 F.3d at 1191-92 (quoting from then-operative "subsection (c)(1)(A)"). That provision is now found at Rule 11(c)(2), with only minor textual changes, none of which are relevant to this analysis.

*Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012) ("[I]t is an abuse of discretion to grant Rule 11 sanctions if the [movant] did not comply with the safe-harbor provision."). Because the Court finds that Mr. Simpson's request for Rule 11 sanctions must be denied for procedural reasons related to the safe harbor provision, it does not reach the merits of his arguments.

### III.   Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that Plaintiff's **Motion for Sanctions for Failure to Comply with a Subpoena Duly Served under Fed. R. Civ. P. § 37** [#63] is **DENIED**.

IT IS FURTHER **ORDERED** that Andrew Simpson's **Motion for Sanctions** [#69] is **DENIED**.

Having resolved all outstanding motions,

IT IS FURTHER **ORDERED** that the Clerk of Court close the case and enter Final Judgment.

Dated: October 14, 2025                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge